IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RICK JAMES CARTE and
ROCK WAYNE CARTE, as
Special Administrators of
the Estate of Adah Lorraine Carte, Deceased                    PLAINTIFFS

V.                          CASE NO. 3:18-CV-3066

OWNERS INSURANCE COMPANY                                        DEFENDANT

## OPINION AND ORDER

Now pending before the Court are Defendant Owners Insurance Company's ("Owners") Motion to Dismiss (Doc. 24) and Brief in Support (Doc. 25). Plaintiffs Rick James Carte and Rock Wayne Carte, as Special Administrators of the Estate of Adah Lorraine Carte, Deceased, filed a Response in Opposition to the Motion (Doc. 26) but did not file a brief in support. The Response does nothing more than admit or deny the facts corresponding to each paragraph of the Motion.

The Motion is more properly described as one requesting judgment on the pleadings pursuant to Federal Rule of Procedure 12(c), rather than one seeking dismissal under Rule 12(b), since Owners filed an Answer (Doc. 23) to the Second Amended Complaint (Doc. 22) prior to filing the Motion. In any event, the distinction between a motion for judgment on the pleadings under Rule 12(c) and a motion to dismiss under Rule 12(b)(6) "is purely formal, because we review [a] 12(c) motion under the standard that governs 12(b)(6) motions." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). The operative complaint must present "a short and plain statement of the claim

1

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The intention of this is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In evaluating the sufficiency of the complaint, a court assumes that "all factual allegations in the pleadings are true and interpret[s] them in the light most favorable to the nonmoving party." *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1091 (8th Cir. 2013) (internal quotation omitted).

Even so, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In the Motion now before the Court, Owners seeks dismissal of Count Two of the Second Amended Complaint, which is a claim for bad faith in the insurance context. Plaintiff's Second Amended Complaint states that Owners first denied both of the insurance claims at issue in the case on July 22, 2015. Then, Owners reopened the investigation into the claims on December 15, 2015 (Doc. 22, p. 2), and later, on an unspecified date, "Defendant denied both of Plaintiff's insurance claims *for the second time.*" *Id.* (emphasis added). Attached to the Second Amended Complaint are

documents that indicate that on October 8, 2018, Rick James Carte and Rock Wayne Carte were officially appointed by the Boone County Circuit Clerk to act as Special Administrators of their mother's estate. *See* Doc. 22-1. They filed the Second Amended Complaint two days later, on October 11, 2018.

Turning to the bad faith claim itself, the statute of limitations is three years. *See* Ark. Code Ann. § 16-56-105. Owners contends that more than three years have passed since the last essential element of the claim accrued. *See Carpenter v. Auto. Club Interinsurance Exch.*, 58 F.3d 1296, 1300 (8th Cir. 1995) ("[U]nder applicable Arkansas case law, a [bad faith] claim accrues for purposes of applying the three-year statute of limitations, when the allegedly wrongful act or omission occurs."). Owners assumes the claim accrued on July 22, 2015, the date that Owners first denied the insurance claims at issue here. But the Second Amended Complaint states that Owners reopened the insurance claims after the initial denial, investigated further, and issued a second denial at some point after December 15, 2015.

If Owners is right, and the claim accrued on July 22, 2015, then the statute of limitations on the claim would have expired on July 22, 2018. If Plaintiffs are right, and the claim accrued after December 15, 2015, then the claim would have expired on some unspecified date after December 15, 2018. The Second Amended Complaint was filed after July 22, 2018, but before December 15, 2018. Because the parties did not brief the issue of the disputed accrual date, and it appears the resolution of that dispute is critical to determining whether the bad faith claim was filed out of time, the Court must deny Owners' Rule 12(c) motion. The Court must assume the facts set forth in the operative

documents that indicate that on October 8, 2018, Rick James Carte and Rock Wayne Carte were officially appointed by the Boone County Circuit Clerk to act as Special Administrators of their mother's estate. *See* Doc. 22-1. They filed the Second Amended Complaint two days later, on October 11, 2018.

Turning to the bad faith claim itself, the statute of limitations is three years. *See* Ark. Code Ann. § 16-56-105. Owners contends that more than three years have passed since the last essential element of the claim accrued. *See Carpenter v. Auto. Club Interinsurance Exch.*, 58 F.3d 1296, 1300 (8th Cir. 1995) ("[U]nder applicable Arkansas case law, a [bad faith] claim accrues for purposes of applying the three-year statute of limitations, when the allegedly wrongful act or omission occurs."). Owners assumes the claim accrued on July 22, 2015, the date that Owners first denied the insurance claims at issue here. But the Second Amended Complaint states that Owners reopened the insurance claims after the initial denial, investigated further, and issued a second denial at some point after December 15, 2015.

If Owners is right, and the claim accrued on July 22, 2015, then the statute of limitations on the claim would have expired on July 22, 2018. If Plaintiffs are right, and the claim accrued after December 15, 2015, then the claim would have expired on some unspecified date after December 15, 2018. The Second Amended Complaint was filed after July 22, 2018, but before December 15, 2018. Because the parties did not brief the issue of the disputed accrual date, and it appears the resolution of that dispute is critical to determining whether the bad faith claim was filed out of time, the Court must deny Owners' Rule 12(c) motion. The Court must assume the facts set forth in the operative

complaint are true, and all inferences concerning those facts must be viewed in the light most favorable to the nonmoving party. In denying the motion, the Court makes no specific findings as to whether the Second Amended Complaint relates back to the original complaint or the first amended complaint, both of which were filed before July 22, 2018.

**IT IS THEREFORE ORDERED** that Defendant Owners Insurance Company's ("Owners") Motion to Dismiss (Doc. 24) is **DENIED**.

**IT IS SO ORDERED** on this 14th day of February, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE